**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fathy Mohamed Abdusalam,        ) | No. CV 12-00362-PHX-FJM |
|     Petitioner,        ) | **ORDER** |
| vs.        ) | |
| Katrina Kane, et al.,        ) | |
|     Respondents.        ) | |

The court has before it petitioner's motion for preliminary injunction (doc. 3), respondents' response (doc. 14), and petitioner's reply (doc. 15). Petitioner seeks to enjoin further detention without a bond hearing while his petition for writ of habeas corpus is pending.

To obtain a preliminary injunction, plaintiff must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008). Petitioner "concedes that he seeks a mandatory injunction, and that his request is subject to a higher degree of scrutiny" (doc. 3). Mandatory preliminary relief "should not be issued unless the facts and law clearly favor the moving party." Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979).

This case presents legal issues which have not been squarely addressed by the Court

of Appeals for the Ninth Circuit.  Petitioner has not demonstrated that the law and facts clearly favor his position.

There is no showing that irreparable harm is likely.  Petitioner's petition for writ of habeas corpus and the Report and Recommendation of the United States Magistrate Judge are now fully briefed.  A ruling on the petition will follow shortly.  If petitioner's petition is granted, the court would order respondents to hold a bond hearing.  If petitioner's petition is denied, he would not be entitled to a bond hearing and thus would suffer no harm.  Petitioner has not met the standard of establishing a likelihood of irreparable harm.

Petitioner does not show that the balance of equities tips in his favor.  His argument focuses on his mental illness, contending that his mental health will deteriorate without treatment.  He does not, however, argue that respondents have refused to provide treatment. The public interest could be harmed by releasing petitioner.  He failed to attend an interview with USCIS and was convicted of assault by means likely to cause great bodily injury.  The detention of criminal aliens authorized by 8 U.S.C § 1226(c) advances the goal of preventing removable aliens from absconding or committing additional crimes before they are removed.

Plaintiff fails to meet the standard of Winter and the heightened standard necessary for a mandatory preliminary injunction.

**IT IS ORDERED DENYING** petitioner's motion for preliminary injunction (doc. 3).

DATED this 13th day of September, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -